**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**KEVIN OWENS,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0668** (BOR Appeal No. 2055140)
                    (Claim No. 2019005611)

**BUNDY AUGER MINING, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Kevin Owens, by Counsel Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review").[1]

The issue on appeal is temporary total disability. The claims administrator closed the claim for temporary total disability benefits on July 26, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its February 14, 2020, Order. The Order was affirmed by the Board of Review on July 30, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional

---

[1]A response was not filed on behalf of Bundy Auger Mining, Inc.

1

or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Owens, an electrician and coal miner, was injured in the course of his employment on September 6, 2018, when a beam fell on a platform on which he was standing and jarred him. Mr. Owens sought treatment the following day from Rhonda Guy, M.D., for back pain that radiated down his legs and feet. He was diagnosed with lumbosacral radiculopathy, low back pain, and muscle spasm. Lumbar x-rays showed multilevel lumbar degenerative disc and joint disease with no acute fracture on September 11, 2018.

The Employees' and Physicians' Report of Injury was completed on September 4, 2018, and indicates Mr. Owens injured his back, legs, and arm on September 5, 2018. The diagnosis was listed as lumbosacral radiculopathy and muscle spasm. The claim was held compensable for lumbar sprain on September 19, 2018. Mr. Owens underwent a lumbar MRI on October 25, 2018, which showed severe spinal stenosis at L4-5 with bilateral foraminal encroachment worse on the left, moderate stenosis at L5-S1 with foraminal encroachment worse on the right, degenerative disc disease with bulging at L3-4, and degenerative disc and joint disease at T10-11 and T11-12.

In a November 29, 2018, treatment note, Dr. Guy noted that Mr. Owens reported cervical, thoracic, and lumbar pain that radiated into his arms and legs. The diagnosis was lumbosacral strain, cervical sprain, thoracic sprain, and insomnia. Mr. Owens was to remain off of work. On December 3, 2018, Mr. Owens was treated by John Schmidt, M.D., for low back and bilateral leg pain. He had not returned to work since his accident. Dr. Schmidt diagnosed lower back strain, lumbar spondylosis, and lumbar stenosis with neurogenic claudication.

Cervical spine x-rays performed on January 24, 2019, showed narrowing from C3-4 to C6-7 with encroachment at those levels by small osteophytes. There were no acute fractures. Thoracic spine x-rays showed multilevel degenerative changes in the mid to lower thoracic spine. The radiologist noted that the findings was likely chronic but recommended an MRI to check for acute findings.

A. E. Landis, M.D., performed an Independent Medical Evaluation on February 12, 2019, in which he determined that Mr. Owens sustained a work-related moderate soft tissue superimposed on preexisting, advanced degenerative disc disease. Dr. Landis opined that Mr. Owens's back pain was the result of an aggravation of the preexisting condition. Mr. Owens had not reached maximum medical improvement. Dr. Landis recommended an exercise program and medication. Surgery was not recommended.

Mr. Owens underwent a thoracic MRI on February 18, 2019, which showed disc protrusions at T7-8 and T8-9; mild left foraminal narrowing at T2-3, T9-10, and T10-11; and mild neural foraminal encroachment at T3-4. Mr. Owens returned to Dr. Guy on February 28, 2019. Dr. Guy's diagnoses remained the same. She recommended Mr. Owens rest, avoid lifting more than ten pounds, and follow up in one month. The claims administrator denied a request for thoracic spine physical therapy on March 12, 2019.

In a March 28, 2019, treatment note, Dr. Guy stated that Mr. Owens was unable to work and should follow up in two months. Dr. Guy completed a Diagnosis Update on April 11, 2019, in which she requested the addition of lumbosacral radiculopathy, thoracic spine pain, cervicothoracic radiculopathy, and muscle spasms to the claim. The claims administrator denied treatment for the thoracic spine on April 18, 2019. On April 24, 2019, it denied the addition of lumbosacral radiculopathy, thoracic pain, cervicothoracic radiculopathy, and muscle spasms.

Dr. Guy diagnosed lumbosacral strain, acute cervical sprain, thoracic back sprain, back muscle spasms, lumbar radiculopathy, cervical radiculopathy, and chronic low back pain on May 23, 2019. She stated that Mr. Owens was unable to work. Follow up was recommended in two months.

In a June 6, 2019, Independent Medical Evaluation, David Soulsby, M.D., diagnosed lumbar sprain/strain, severe degenerative disc disease, and spinal stenosis. Dr. Soulsby stated that Mr. Owens's stenosis was severe and preexisted the compensable injury. He opined that the radiculopathy was the result of the stenosis. Dr. Soulsby reviewed the radiographic findings and stated that they showed a pronounced L5-S1 disc bulge without evidence of significant herniation. He also stated that Mr. Owens has degenerative disc disease in the cervical and thoracic spines with disc protrusions at several levels. Dr. Soulsby found no evidence of acute spinal injuries and opined that no further treatment was necessary for the compensable injury. He assessed 8% lumbar spine impairment and apportioned half to preexisting degenerative disc disease. The claims administrator closed the claim for temporary total disability benefits on July 26, 2019, because Mr. Owens had reached maximum medical improvement.

Mr. Owens returned to Dr. Guy on August 6, 2019. In her treatment note, Dr. Guy opined that Mr. Owens's cervical pain with muscle spasms, thoracic pain, and lumbar pain with herniated disc were all the result of the compensable injury. She stated that the underlying degenerative change were asymptomatic until the compensable injury.

The Office of Judges affirmed the claims administrator's closure of the claim for temporary total disability benefits on February 14, 2020. It found that Mr. Owens's treating physician, Dr. Guy, opined that Mr. Owens was unable to work as a result of the compensable injury. The Office of Judges of Judges noted that diagnostic testing of the cervical, thoracic, and lumbar spine showed no acute injuries but did show degenerative changes. Judicial notice was taken of the Office of Judges' January 17, 2020, Order in which the Office of Judges affirmed decisions denying treatment for the thoracic spine and denying the addition of cervicothoracic radiculopathy, thoracic pain, muscle spasms, and lumbar radiculopathy to the claim. The Office of Judges concluded in

3

the instant claim that Mr. Owens's continued inability to work is not the result of the compensable injury. Dr. Soulsby performed an Independent Medical Evaluation in which he found that no further treatment was necessary for the compensable injury. He opined that Mr. Owens had reached maximum medical improvement. The Office of Judges concluded that Dr. Soulsby's report was reliable and supported by a preponderance of the medical evidence. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 30, 2020.

After review, we reverse and remand the case. Mr. Owens has a related case on appeal before this Court, No. 20-0664, *Kevin Owens v. Bundy Auger Mining, Inc.*, in which he appeals the denial of the addition of lumbosacral radiculopathy, thoracic pain, cervicothoracic radiculopathy, and muscle spasms to the claim. That case has been remanded for further development of the record and analysis under *Moore v. ICG Tygart Valley, Inc.*, No. 20-0028, ___ W. Va. ___, ___ S.E.2d ___, 2022 WL 1262269 (W. Va. Apr. 28, 2022).

West Virginia Code § 23-5-8a(a) provides that

[t]he Workers' Compensation Office of Administrative Law Judges, referred to as the Office of Judges, shall terminate on or before October 1, 2022, as provided in §23-5-8b of this code. All powers and duties of the Office of Judges to review objections, protests, or any other matter authorized by this chapter, shall be transferred to the Workers' Compensation Board of Review on July 1, 2022: *Provided*, That any objection or other matter filed pursuant to this chapter and pending before the Office of Judges upon its termination, in which a final decision has not been issued, shall also be transferred to the Workers' Compensation Board of Review as provided in §23-5-8b of this code.

Because the outcome of the case at issue hinges on the decision made in No. 20-0664, we reverse and remand the case to the Board of Review for consideration of the outcome of No. 20-0664.

Reversed and Remanded.

**ISSUED: October 18, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice William R. Wooton

WOOTON, Justice, concurring, in part, and dissenting, in part:

I respectfully concur, in part, and dissent, in part, from the majority's resolution of this appeal for the same reasons set forth in my concurring and dissenting opinion in a companion case, *Owens v. Bundy Auger Mining, Inc.*, No. 20-0664 ("*Owens I*"), issued contemporaneously with the instant case. More specifically, I concur with the majority's reversal of the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"), and further with its conclusion that resolution of the merits of this case is controlled by our recent decision in *Moore v. ICG Tygart Valley, Inc.*, No. 20-0028, __ W. Va. __, __ S.E.2d __, 2022 WL 1262269 (W. Va. Apr. 28, 2022). However, I part company with the majority's remand order directing that this case wait in a state of legal limbo pending final resolution of *Owens I*, which was remanded for further development of the evidentiary record as to whether Petitioner's preexisting conditions were asymptomatic prior to the compensable injury.

As is the case with many aging workers who have performed physical labor for decades, Petitioner suffers from certain degenerative physical conditions, including multi-level degenerative changes in the mid to lower thoracic spine, stenosis, and a pronounced L5-S1 disc bulge. However, Petitioner testified, and his treating physician confirmed, that none of these degenerative conditions had ever been symptomatic prior to September 6, 2018, the date of the work-related injury. Significantly, there is no evidence in the record of *Owens I* to refute this critical fact; indeed, even Dr. Landis, who examined Petitioner and performed a record review on behalf of the employer, opined that "Petitioner's back pain appears legitimate and related to *aggravation* of his preexisting condition." (Emphasis added).[2]

In *Moore*, where the evidence of record was also undisputed that the petitioner's preexisting conditions had been asymptomatic prior to his work-related accident, this Court did not remand in order to give the employer another bite of the evidentiary apple; rather, we reversed with directions to add the condition at issue (cervical radiculopathy) to the claim. Here, where Petitioner's injury was sustained on September 6, 2018, more than four years ago, the majority's "second bite" remand does nothing but add another year or more of delay to a case that has already taken far too long. In my view, faithful adherence to *Moore* demands that we reverse *Owens I* and remand with instructions that lumbosacral radiculopathy and cervicothoracic radiculopathy be added to Petitioner's claim; and reverse and remand the instant case with instructions to re-open the Petitioner's claim for temporary total disability benefits.

Accordingly, I concur, in part, and respectfully dissent, in part.

---

[2]Although Dr. Soulsby, who performed an independent medical examination, opined that Petitioner's pain was "more likely than not" related solely to his pre-existing conditions – in short, that the occurrence of the work-related accident was a wholly irrelevant coincidence – there is not a scintilla of supporting evidence in the record to support such a conclusion.